IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIKE REDFORD, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| SELLERS, Warden, | : | CIVIL ACTION NO. |
| SAM OLENS, | : | 1:16-CV-2083-WSD-JFK |
| Respondents. | : | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Petitioner challenges his custody based on Douglas County criminal action number 14crR00243. The matter is before the Court on Petitioner's federal habeas corpus petition, as amended [12, 13]; Respondent's answer-response [27] and motion to dismiss for lack of exhaustion [28]; and Petitioner's motion to deny the motion to dismiss [34] and strike the answer-response [36]. The matter also is before the Court on Petitioner's motion for default judgment [30]; first objection to and first motion to reconsider the Court's Dec. 13, 2016, Order [31]; motion for the state to produce records [32]; motion for a certificate of immediate review (with attached second objection to and second motion to reconsider the Court's Dec. 13, 2016, Order) [33];

third objection to and third motion to reconsider the Court's Dec. 13, 2016, Order [35]; motion for appointment of discovery counsel [37]; and motion for discovery [38].[1]

I.   **Discussion**

   A.   **The Petition as Amended and Motion to Dismiss**

In 2013, Petitioner violated a temporary protective order by contacting Theresa Redford for the purpose of harassing or intimidating her. (See Resp't Ex. 1, ECF No. 29-1). In March 2014, the grand jury in Douglas County indicted Petitioner on four counts of aggravated stalking, criminal action number 14cr00243. (Id.). Petitioner went to trial, and a jury found him guilty on two counts. (Resp't Ex. 2, ECF No. 29-2). On August 22, 2016, the Superior Court of Douglas County imposed on Petitioner a total twenty-year term of imprisonment. (Resp't Ex. 3, ECF No. 29-3). The court also entered a permanent restraining order against Petitioner. (Id.). Petitioner has filed three notices of appeal. (Resp't Exs. 4-6, ECF Nos. 29-4 through -6).

---

[1]Petitioner also has filed objections to the Court's Order of October 24, 2016, and a motion to recuse the Honorable Judge William S. Duffey. (Objections to Order of Oct. 24, 2016, ECF No. 20; Motion for Recusal, ECF No. 22).

In May 2016, Petitioner filed in the United States District Court for the District of Columbia a 145-page pleading and attachments entitled "Application for Heabas [sic] Corpus under 28 U.S.C.A. 2254[,]" which was transferred to this Court. (Pet., ECF No. 1; Mem. Op., ECF No. 2). The undersigned determined that Petitioner's pleading did not comply with federal habeas corpus rules and that he must amend. (Order of July 21, 2016, at 1, ECF No. 6). The Court instructed the Clerk of Court to forward Petitioner 28 U.S.C. §§ 2241 and 2254 form petitions and instructed Petitioner that the § 2254 form should be used if he had been convicted and that the § 2241 form should be used if he was in pre-trial confinement. (Id. at 1-2).

Subsequently, Petitioner filed his first amended petition, and the Court granted Petitioner's motion to show that he was proceeding under § 2241. (Order of Aug. 8, 2016, at 2, ECF No. 8). The Court, however, found that the first amended petition had disregarded the Court's instructions and gave Petitioner another opportunity to comply with those instructions, warning Petitioner that he must recast his petition and that his amended petition would supersede and replace his prior pleadings. (Id. at 1-3).

3

On October 17, 2016, Petitioner filed his second amended petition attacking his custody in regard to Douglas County case number 14cr00243. (Second Am. Pet., ECF No. 12). Petitioner also filed another petition – in civil action number 1:16-cv-2845 – further attacking his custody in regard to case number 14cr00243 and that action was consolidated into the instant action as Petitioner's third amended petition. (Third Am. Pet., ECF No. 13). The Court observed that Petitioner's second and third amended petitions were both dated after he had been convicted, construed Petitioner to challenge

his Douglas County convictions, and ordered Respondent to show cause. (Order of Oct. 24, 2016, at 1-3, ECF No. 14).[2][3]

In his second amended petition, Petitioner asserts the following grounds for relief:

(1)  President Obama and the United States have purposely discriminated against Petitioner to deprive him of his constitutional rights;

(2)  State actors purposely discriminate against the Black Race;

---

[2]The Court stated that Petitioner was challenging his Douglas County convictions for aggravated stalking and for obstruction of a law enforcement officer. (Order of Oct. 24, 2016, at 1). It is apparent, however, that Petitioner was convicted in Douglas County only for two counts of aggravated stalking. (See Resp't Ex. 3).

Although Petitioner stated in his second and third petitions that he was challenging a February 13, 2014, decision in 14cr00243 and both the second and third petitions were written on § 2241 forms, it appeared to the Court that Petitioner's challenge to his 14cr00243 custody was an intent to challenge his convictions. (See Second Am. Pet. at 1; Third Am. Pet. at 1). In his objections to the October 24, 2016, Order, Petitioner argues that he did not intend to challenge his convictions but intended to raise a challenge to his pre-trial custody and seek a dismissal of the indictment. (Objections to Oct. 24, 2016, Order at 1). In case number 1:16-cv-2845, Petitioner also has filed objections which states that his pleadings in that case were premised on a pretrial motion to dismiss the indictment. See Objections at 7, Redford v. Olens, No. 1:16-cv-2845-WSD-JFK (N.D. Ga. Oct. 24, 2016), ECF No. 9.

[3]The second and third amended petitions, together, form the operative petition in this action. The Court has stricken Petitioner's attempts to incorporate by reference his prior pleadings. (Order of Oct. 24, 2016, at 3).

5

(3)  Federal and/or State actors purposely have discriminated against Petitioner because of his race and to deprive him of his constitutional rights, have enacted law that authorizes racist groups to falsely bring criminal charges against Black persons, and have "paid a lawyer an alternate jury to ask jurors to convict Petitioner"; and

(4)  Federal and State actors purposely have discriminated against Petitioner to deprive him of his constitutional rights because of his race, national origin, and education in that "Respondents acted in criminal enterprise stealthly [sic] to interfer [sic] with interstate commerce clause causing Petitioner great economic loss . . . ."

(Second Am. Pet. ¶ 11 (uncorrected)). Petitioner also asserts interference with the evidence, the grand jury, and the trial jury. (Id. ¶ 12). In his third amended petition, Petitioner asserts the following additional grounds for relief:

(5)  Application of Georgia law in regard to protective orders, stalking, and aggravated stalking (O.C.G.A. §§ 19-3-4, 16-5-90, 16-5-91) caused Petitioner to be unfairly confined based on his obeying the state of Virginian's method of child support;

(6)  Respondents set up an interstate conspiracy, because of Petitioner's race, to trap Petitioner and destroy his economic advantage;

(7)  The grand jury selectively prosecuted Petitioner based on, among other things, his race, and Petitioner was deprived of due process during his trial; and

(8)  Petitioner was convicted in violation of equal protection and as the result of mail censorship, perjury during grand jury proceedings, jury tampering, erroneous jury instructions, and the denial of confrontation rights. Petitioner asserts that no white man is in prison for refusing to pay child support.

6

(Third Am. Pet. ¶ 11). In his second amended petition, Petitioner asserts that he is an international political prisoner and that he seeks immediate release and an investigation of federal and state officials. (Second Am. Pet. ¶ 13). In his third amended petition, Petitioner asserts that he seeks redress for his wrongful conviction, immediate release, and a nationwide criminal investigation. (Third Am. Pet. ¶ 13).[4]

---

[4] Petitioner states (1) that he has pursued the following appeals in the Georgia Court of Appeals – A15D0156, A15D0221, A16D0388, A15D0386, A15D0436, A16D0458; (2) that he has pursued the following appeals in the Georgia Supreme Court – S15D0470, S1600574, S1600955, S161768; and (3) that he has filed a petition for *certiorari* in the United States Supreme Court. (Second Am. Pet. ¶¶ 7-10; Third Am. Pet. ¶¶ 7-10). Respondent has provided copies of the orders in A15D0156, A15D0221 (showing that S15D0470 was transferred from Georgia Supreme Court), A15A1868, A16D0368, A16D0388, A16D0436, and A16D0458, all of which deal with pre-trial matters. (Resp't Exs. 7-13, ECF Nos. 29-7 through -13). The Court has searched the on-line docket for the Georgia Court of Appeals and can find no cases for Petitioner that are numbered A15D0386 or A15D0436, and it appears that Petitioner may have been referring to A16D0368 and A16D0436. See http://www.gaappeals.us/docket www.gaappeals.us (follow "Docket" – "Search Docket" hyperlink, Redford) (last visited Jan. 9, 2017). The online docket for the Georgia Supreme Court shows that S16D0574 and S16C0955 involved the denial of a pre-trial discretionary application for appeal and a pre-trial application for *certiorari* and that S16C1768 is a pre-trial application for *certiorari* which remains pending. See www.gasupreme.us (follow "Docket Search" hyperlink, case numbers S16D0574, S16C0955, S16C1768) (last visited Jan. 9, 2017). None of the appeals demonstrate exhaustion of state remedies for a pre-trial double-jeopardy claim or for Petitioner's convictions.

7

Respondent Sellers moves that the petition be dismissed for lack of exhaustion as Petitioner's appeal has not yet been transmitted to, or docketed in, the Georgia Court of Appeals (Respondent states that it does not appear that Petitioner has paid the required costs for his appeal). (Resp't Br. at 2, ECF No. 28-1).

In response, Petitioner moves that the Court deny the motion to dismiss because he challenges his illegal *pre-trial* custody which "predated August 22, 2016" ("arithmetic is not such a hard college course") and brought a § 2241 petition to have the underlying indictment dismissed and to be released because the indictment violated the Constitution and his right against double jeopardy. (Mot. to Deny at 1, 4, 6, ECF No. 34). Petitioner moves that Respondent's answer-response be stricken on the grounds that Respondent relies on § 2254, and Petitioner is proceeding under § 2241. (Mot. to Strike at 1-2, ECF No. 36). Petitioner asserts that he is not challenging his August 22, 2016, Douglas County convictions and states, "This  pretrial custody challenge in pursuant to 28 U.S.C. § 2241." (Id. at 5 (uncorrected)).

The general habeas statute dictates that a prisoner is entitled to habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States[,]" 28 U.S.C. § 2241(c)(3), and, in certain circumstances, allows the granting of habeas

8

corpus relief to state pre-trial detainees.  Tooten v. Shevin, 493 F.2d 173, 176 (5th Cir. 1974).  Further, under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).

A district court, however, may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure.  Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010).  Generally, if a federal petitioner has not exhausted all of his claims, the district court should dismiss the federal petition without prejudice to allow exhaustion.  Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (2007) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)).

For a pretrial petitioner who seeks relief based on an affirmative defense to a state criminal charge, exhaustion generally requires allowing the case to go to trial and

9

through the state appellate process.  See Tooten, 493 F.2d at 175-76.  It is important (1) that state courts fulfill their role in enforcing federal rights and (2) that "petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on [state] trial courts." Id. at 176.  Thus, "an attempt to dismiss an indictment or otherwise prevent a prosecution . . . [is an objective that] is normally not attainable through federal habeas corpus . . . ." Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976).  Claims such as an invalid indictment, lack of trial-court jurisdiction, ineffective assistance of counsel, racial discrimination in selecting the grand jury, or lack of probable cause "are properly brought during [the] criminal case and subsequent direct appeal[.]" Garcon v. Palm Beach County Sheriff's Office, 291 F. App'x 225, 226 (11th Cir. 2008) (affirming district court's dismissal of pre-trial habeas petition).

Federal habeas corpus relief properly is sought before trial – in limited circumstances and after exhaustion of state remedies – to enforce rights (such as the right against double jeopardy) that cannot adequately be addressed during the regular trial, appeal, and post-conviction review process.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-90 (1973) (holding that petitioner could bring

pre-trial habeas challenge for the violation of his right to a speedy trial and "demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial"); Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) ("Although double jeopardy (if shown) would certainly be a proper defense to assert at trial and in postconviction proceedings, the right consists of more than having the second conviction set aside.  It consists of being protected from having to undergo the rigors and dangers of a second-illegal-trial.").

Once a petitioner is convicted, however, his claims concerning pre-trial confinement are moot.  Murphy v. Hunt, 455 U.S. 478, 481 (1982) (holding that constitutional claim on pretrial bail was mooted by conviction and was not capable of repetition yet evading review when, among other things, the litigant did not represent a class); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his requests for pretrial habeas relief.  However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); Fassler v. United States, 858 F.2d 1016, 1017-018 (5th Cir. 1988)

11

(finding that conviction moots claims regarding the "illegality of . . . pretrial detention"); Powers v. Schwartz, 587 F.2d 783, 783-84 (5th Cir. 1979) (same).

Petitioner in his responses has made it clear that in his second and third amended petitions he is challenging his *pre-trial custody.*  Petitioner's challenge is now moot because of his convictions.  Any double jeopardy claim – as to the right not to be tried at all, if exhausted in state court[5] – is moot  as Petitioner has now been tried and convicted.  United States v. Wright, 259 F. App'x 50, 53 (9th Cir. 2007) (stating that the practical value of double jeopardy is destroyed if not vindicated before trial).  Otherwise, if Petitioner properly raised his double jeopardy claim at the trial level, he must now pursue and exhaust his claim within the direct appeal process before bringing it to federal court.  See Harvey v. State, 296 Ga. 823, 837, 770 S.E.2d 840, 851 (2015) (stating that – if a defendant is tried and convicted after denial of a double jeopardy claim and failure to obtain an appellate stay on the issue – on direct appeal of the conviction the issue is whether the double jeopardy claim is meritorious, and, if it is, the defendant "is entitled to a reversal of [his] conviction; the harm of enduring

---

[5]The Court does *not* find proper exhaustion in that the record does not show that Petitioner properly exhausted in state court a pre-trial claim of double jeopardy.  (See Resp't Exs. 7-13).

12

the retrial cannot be eradicated"). At this time, the Court does not know the disposition that the Georgia Court of Appeals may make of Petitioner's double jeopardy claim, and dismissal without prejudice for lack of exhaustion is proper. See Green v. Hayes, No. 06-16238, 2007 WL 3120905, at *1 (11th Cir. Oct. 26, 2007) (affirming district court dismissal, without prejudice, of double jeopardy claim when the petitioner's direct appeal was pending).

Further, it is otherwise apparent that exhaustion is lacking. Petitioner's challenges to matters such as an invalid indictment; discriminatory prosecution; being convicted in violation of equal protection; tampering with the evidence, the grand jury, and the trial jury; due process violations at trial; erroneous jury instructions; and the denial of confrontation rights must be exhausted through the regular appeal process.

Accordingly, Petitioner's challenge to his pre-trial custody must be dismissed as moot. To the extent that Petitioner has raised claims that properly are raised after conviction, he has not exhausted his state remedies, and those claims must be dismissed without prejudice for lack of exhaustion. It is recommended that Respondent Sellers's motion to dismiss be granted.

13

**B.     Remaining Motions**

Since the filing of Respondent Sellers's motion to dismiss, Petitioner also has filed seven additional matters, all of which are due to be denied. Petitioner's motion for default judgment, (Mot. for Default, ECF No. 30), shall be denied as a petitioner is not entitled to default judgment in a habeas corpus proceeding. See Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987).

In his first motion to reconsider the Court's Dec. 13, 2016, Order,[6] Petitioner asserts (1) that he is not challenging his August 22, 2016, Douglas County convictions under § 2254 but that under § 2241 he is challenging the indictment, his pre-trial detention, a violation of double-jeopardy, and vindictive prosecution and (2) that he is entitled to an evidentiary hearing. (First Mot. for Recons. of Dec. 13, 2016, Order, ECF No. 31). In his motion to produce, Petitioner moves that the Court compel the state to produce a copy of his state motion to quash the indictment and the apparently related court order, hearing transcript, and Georgia Supreme Court case file. (Mot. to

---

[6]In the December 13, 2016, Order, the Court stated that Petitioner was challenging the constitutionality of his confinement based on his August 22, 2016, Douglas County convictions and denied Petitioner's motion for an evidentiary hearing, for an investigation, and to recuse the undersigned. (Order of Dec. 13, 2016, at 1, 7, ECF No. 26).

Produce, ECF No. 32).  In his motion for a certificate, Petitioner seeks immediate review of the Dec. 13, 2016, Order that denied his motion for an investigation and has attached a second motion seeking reconsideration of the denial of his motion for an investigation. (Mot. for Cert., ECF No. 33).  In his third motion to reconsider the Dec. 13, 2016, Order, Petitioner seeks reconsideration of the denial of his motion to recuse the undersigned.  (Third Mot. for Recons., ECF No. 35). Petitioner also seeks discovery and appointment of counsel for discovery (Mot. to Appoint, ECF No. 37; Mot. for Discovery, ECF No. 38).  In light of the recommended disposition of this action, the above motions shall be denied as moot.

## II. <u>Certificate of Appealability ("COA")</u>

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of

15

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), petition for cert. filed, No. 16-6498 (U.S. Oct. 17, 2016).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Petitioner's asserted challenge to his pretrial custody is moot. Further, to the extent Petitioner could possibly be construed to challenge his current confinement, it is apparent that his state remedies are unexhausted. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Respondent Sellers's motion to dismiss [28] be **GRANTED**, that Petitioner's motions to deny the motion to dismiss [34] and to strike

the answer-response [36] be **DENIED**, that this action be **DISMISSED** as moot and without prejudice, and that a COA be **DENIED**.

    **IT IS ORDERED** that Petitioner's motion for default judgment [30] is **DENIED** and that Petitioner's first motion to reconsider the Court's Dec. 13, 2016, Order [31]; motion for the state to produce records [32]; motion for a certificate of immediate review and second motion to reconsider the Court's Dec. 13, 2016, Order [33]; third motion to reconsider the Court's Dec. 13, 2016, Order [35]; motion for appointment of discovery counsel [37]; and motion for discovery [38] are **DENIED** as moot.

    In addition to the above, the following matters remain to be ruled on by the presiding District Court Judge:

(1)     Petitioner's objections to the Court's Order of October 24, 2016 [20];

(2)     Petitioner's motion to recuse the Honorable Judge William S. Duffey [22],

(3)     Petitioner's first objections to the Dec. 13, 2016, Order (construing action as challenge to convictions and denying motion for evidentiary hearing) [31],

(4)     Petitioner's second objections to the Dec. 13, 2016, Order (denying motion for investigation) [33], and

(5)     Petitioner's third objections to the Dec. 13, 2016, Order (denying motion to recuse the undersigned) [35] remain pending.

17

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 12th day of January, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE