IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIKE REDFORD,<br><br>        Petitioner,<br><br>v.<br><br>SELLERS, Warden, SAM OLENS,<br><br>        Respondents. | 1:16-cv-2083-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [39] ("R&R"), recommending that Respondent Sellers' Motion to Dismiss Petition for Lack of Exhaustion [28] ("Motion to Dismiss") be granted, that Petitioner Mike Redford's ("Petitioner") Motion to Deny Respondent's Motion to Dismiss [34] be denied, that Petitioner's Motion to Strike [36] be denied, that this action be dismissed without prejudice, and that a certificate of appealability be denied. Also before the Court are Petitioner's Motion for Disqualification and/or Recusal of Judge William Duffey Jr. [22] ("Motion to Recuse"), Motion for Subpoenas for Production of Evidence/Motion for Order for Daily Law Library [48], Petition for the Writ of Mandamus against Judge William Duffey Jr. [49], and Motion for Evidentiary Hearing [50]

([48]-[50] collectively, "Post-R&R Motions").  Also before the Court are Petitioner's "Motion for Objection to Magistrate Order" [20], "Objection to Magistrate Ruling/Motion for Reconsideration of Motion for an Evidentiary Hearing" [31], "Motion for Certificate of Immediate Review" [33], "Objection to Magistrate Order/Motion for Reconsideration on Motion for Disqualification and/or Recusal of Magistrate Janet King" [35], and "Objection to Order by Magistrate Judge on Petitioner's Motion for a Jury Trial" [46] (collectively, "Objections"), all of which challenge orders—but not the R&R—issued by the Magistrate Judge.[1]

## I.     BACKGROUND[2]

On August 19, 2016, a jury, in the Superior Court of Douglas County, convicted Petitioner of two counts of aggravated stalking.  ([29.2]).  On August 22, 2016, the state court sentenced Petitioner to twenty years in prison. ([29.3]).  Petitioner filed three notices of appeal.

In May 2016, Petitioner filed his "Application for Heabas [sic] Corpus under

---

[1]     Petitioner's Objections challenge, among other things, the Magistrate Judge's denial of his motions for an investigation, for a jury trial, and for the Magistrate Judge's recusal.

[2]     The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

28 U.S.C.A. 2254" [1] ("Initial Petition").  In June 2016, Petitioner filed his "Motion to Substitute 28 U.S.C. 2254 with 2241" [5], seeking to bring his Initial Petition under 28 U.S.C. § 2241.  On July 21, 2016, the Magistrate Judge ordered Petitioner to amend his Initial Petition because it failed to comply with the federal habeas corpus rules.  ([6]).  The Magistrate Judge directed the Clerk of Court to send Petitioner the habeas petition forms, and instructed Petitioner that the § 2254 form should be used if he already had been convicted, and that the § 2241 form should be used if he still was in pre-trial confinement.  ([6]).

On July 27, 2016, Petitioner filed his Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 by a Person in State Pretrial Detention [7] ("First Amended Petition").  On August 8, 2016, the Magistrate Court granted Petitioner's motion to bring his petition under § 2241 instead of § 2254.  ([8]).  The Magistrate Judge also ordered Petitioner to amend his First Amended Petition because it failed to comply with the Magistrate Judge's prior instructions.  ([8]).  The Magistrate Judge advised Petitioner that his amended petition, when filed, would supersede his prior pleadings.  ([8]).

On October 4, 2016, Petitioner filed two Amended Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241 by a Person in State Pretrial Detention [12] ("Second Amended Petition"), [13] ("Third Amended Petition").  These are the

operative petitions in this action. The Second Amended Petition asserts the following grounds for relief:

    (1)    President Obama and the United States have purposely discriminated against Petitioner to deprive him of his constitutional rights;

    (2)    State actors purposely discriminate against the Black Race;

    (3)    Federal or State actors purposely discriminated against Petitioner because of his race and to deprive him of his constitutional rights, have enacted law authorizing racist groups to falsely bring criminal charges against Black persons, and have "paid a lawyer an alternate jury to ask jurors to convict Petitioner"; and

    (4)    Federal and State actors purposely discriminated against Petitioner to deprive him of his constitutional rights because of his race, national origin, and education in that "Respondents acted in criminal enterprise stealthly [sic] to interfer [sic] with interstate commerce clause causing Petitioner great economic loss . . . ."

(Second Am. Pet. ¶ 11).[3]

The Third Amended Petition asserts the following additional grounds for relief:

    (5)    Application of Georgia law to protective orders, stalking, and aggravated stalking (O.C.G.A. §§ 19-3-4, 16-5-90, 16-5-91) caused Petitioner to be confined unfairly;

    (6)    Respondents set up an interstate conspiracy, because of Petitioner's race, to trap Petitioner and destroy his economic advantage;

---

[3]    Petitioner also asserts interference with evidence, the grand jury, and the trial jury. (Second. Am. Pet. ¶ 12).

(7) The grand jury selectively prosecuted Petitioner based on, among other things, his race, and Petitioner was deprived of due process during his trial; and

(8) Petitioner was convicted in violation of equal protection and as the result of mail censorship, perjury during grand jury proceedings, jury tampering, erroneous jury instructions, and the denial of confrontation rights.  Petitioner asserts that no white man is in prison for refusing to pay child support.

(Third Am. Pet. ¶ 11).  Petitioner's Second Amended Petition asserts that he is an international political prisoner and that he seeks immediate release and an investigation of federal and state officials. (Second Am. Pet. ¶ 13).  His Third Amended Petition asserts that he seeks redress for his wrongful convictions, immediate release, and a nationwide criminal investigation.  (Third Am. Pet. ¶ 13).

In November 2016, Petitioner filed his Motion to Recuse, asking the Court to recuse itself from this action.  On December 16, 2016, Respondent Sellers filed his Answer-Response [27] and his Motion to Dismiss, seeking dismissal of Petitioner's Second and Third Amended Petitions for lack of exhaustion because Petitioner's direct appeal is pending.  ([28.1] at 2).  On December 20, 2016, Petitioner filed his Motion to Deny Respondent's Motion to Dismiss, stating that his habeas petitions challenge his pretrial custody.  ([34]).  The same day, Petitioner filed his Motion to Strike, arguing that Respondent Sellers' Answer-Response [27] should be stricken on the grounds that Respondent relies on

§ 2254 while Petitioner proceeds under § 2241.  ([36]).  Petitioner states he is not challenging his Douglas County convictions and that "[t]his pretrial custody challenge i[s] pursuant to 28 U.S.C. § 2241."  ([36] at 5; R&R at 8).

On January 12, 2017, the Magistrate Judge issued her R&R, recommending that Respondent Sellers' Motion to Dismiss be granted, that this action be dismissed, and that a certificate of appealability be denied.

## II.   DISCUSSION

### A.   Motion to Recuse

28 U.S.C. § 455 states the criteria for the disqualification of federal judges. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  To satisfy the requirements of Section 455(a), a party seeking recusal must offer facts, and not merely allegations, that evidence partiality.  United States v. Cerceda, 188 F.3d 1291, 1292 (11th Cir. 1999); Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [Section 455] need not be taken as true.").

Petitioner states that the Court "has manifested partiality and personal bias since 2002 against petitioner and he is a racist."  ([22] at 1).  He states the Court "advocates racial inferiority of blacks [sic] intellectual abilities, a racial superiority

6

opinions manifested over the years his impartiality is reasonably questioned." ([22] at 1). He states further that the Court is "in cohort with many state corrupt officials . . . ." ([22] at 1). Petitioner does not offer any evidence to support these accusations. Because Petitioner offers only bare allegations of partiality, Petitioner's Motion to Recuse is denied. See Cerceda, 188 F.3d at 1292.

B.   R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). The parties have not objected to the R&R, and the Court thus reviews it for plain error.[4]

---

4   On February 2, 2017, Petitioner filed a document entitled "Notice of Filing of Exhibits 3, 7, 8, 9 on Objection to Magistrate Report and Recommendation" [47]. The filing attaches several documents and states, without elaboration, that "notice is hereby given that the exhibits 3, 7, 8, and 9 are now

The Magistrate Judge found that, to the extent Petitioner challenges his pretrial confinement, his claims are moot because he has been convicted and sentenced. The Court finds no plain error in this conclusion. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (holding that a constitutional claim on pretrial bail was mooted by conviction); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his requests for pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); Fassler v. United States, 858 F.2d 1016, 1017-018 (5th Cir. 1988) (finding that conviction moots claims regarding the "illegality of . . . pretrial detention").

---

filed that completes the remaining [illegible] objection to Magistrate Report and Recommendation in the above styled case." ([47] at 1). To the extent this constitutes an objection to the R&R, the objection is disregarded as "frivolous, conclusive, or general" and the Court conducts a plain error review of the record. Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("[T]o challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.").

The Magistrate Judge found that, to the extent Petitioner challenges his convictions or otherwise asserts claims properly raised after conviction, his claims are required to be denied without prejudice because he has not exhausted his state court remedies.  The Court finds no plain error in this determination.  See 28 U.S.C. § 2254(b)(1) (a district court may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant").

The Magistrate Judge also concluded that a certificate of appealability should be denied because it is not reasonably debatable that Petitioner is not entitled to relief.  The Court finds no plain error in this determination.[5]

---

[5] The Court also finds no plain error in the Magistrate Judge's conclusions that Petitioner's Motion to Deny Respondent's Motion to Dismiss [34] and Motion to Strike [36] should be denied.  Because this action is required to be dismissed and Petitioner fails to show he is entitled to the relief he seeks, Petitioner's Objections and Post-R&R Motions are moot or otherwise lack merit.  His Objections are overruled and his Post-R&R Motions are denied.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [39] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent Sellers' Motion to Dismiss Petition for Lack of Exhaustion [28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Deny Respondent's Motion to Dismiss [34] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike [36] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Disqualification and/or Recusal of Judge William Duffey Jr. [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Subpoenas for Production of Evidence/Motion for Order for Daily Law Library [48] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for the Writ of Mandamus against Judge William Duffey Jr. [49] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary

Hearing [50] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Objection to Magistrate Order" [20], "Objection to Magistrate Ruling/Motion for Reconsideration of Motion for an Evidentiary Hearing" [31], "Motion for Certificate of Immediate Review" [33], "Objection to Magistrate Order/Motion for Reconsideration on Motion for Disqualification and/or Recusal of Magistrate Janet King" [35], and "Objection to Order by Magistrate Judge on Petitioner's Motion for a Jury Trial" [46] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 30th day of March, 2017.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE